UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STACEY JAMES WONDRA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>YOUTUBE, JOSHUA GRIFFIN DIAZ, KELLY MILLER, DEVORAH, BROOKS, JUSTIN, SAMANTHA BRAMARD, LAUREN MATHIAS, and JOHN MATHIAS,<br><br>　　　　Defendants. | Case No. 1:25-cv-00054-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Pending before the Court are Plaintiff Stacey James Wondra's Complaint, in Forma Pauperis request, and Motion to Proceed. Dkts. 1 to 5. Plaintiff is a convicted felon residing in an Arizona federal prison. He sues YouTube and various crime-themed podcast hosts, alleging that they have violated his right to privacy, defamed him, and improperly used or published videos about him. Dkt. 1. The Court now reviews Plaintiff's Complaint to determine whether it or any of the claims contained therein should be summarily dismissed under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, the Court concludes that Plaintiff must file an amended complaint correcting the deficiencies identified below or file a notice of voluntary dismissal if he cannot.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

## REVIEW OF COMPLAINT

1. **Subject Matter Jurisdiction**

Federal courts are of limited jurisdiction and may act only within the power authorized by Constitution and federal statutes. *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375, 377 (1994). The determination of subject matter jurisdiction is governed by the "well-pleaded complaint rule," which requires that a federal basis for jurisdiction be presented on the face of the complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal Rule of Civil Procedure 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Federal district courts have original jurisdiction over (1) "all civil actions arising under the Constitution, laws, or treaties of the United States" ("federal question jurisdiction") under 28 U.S.C. § 1331, and (2) other claims where the parties are citizens of different states and the amount in controversy is more than $75,000 ("diversity jurisdiction") under 28 U.S.C. § 1332(a). For diversity jurisdiction to exist, diversity must be complete, meaning that no plaintiff can be a citizen of or have their principal place of business in the same state as any of the named defendants. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

   A. <u>**Federal Question**</u>

Title 42 U.S.C. § 1983, an implementing statute authorizing private constitutional causes of action against government actors, requires that a plaintiff allege a violation of

rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff asserts that some of his claims arise under the Eighth Amendment, but such a claim can be asserted only against a state actor. Neither Youtube nor any podcaster named as a defendant, appears to have been acting on behalf of the government in the actions that form the basis of claims against them.

The Supreme Court has recognized two Fourteenth Amendment substantive due process types of interests protected by the right of privacy: an interest in avoiding disclosure of personal matters and an interest in personal autonomy in making certain kinds of important decisions. *Whalen v. Roe,* 429 U.S. 589, 599–600 (1977). But because no Defendant appears to be a state actor, there is no subject matter jurisdiction over any privacy claims.

Further, it is well established that there is no constitutional cause of action based on claims of defamation, slander, and libel. *See Paul v. Davis*, 424 U.S. 693, 699-702 (1976) (defamation, reputational injuries not actionable under § 1983); *Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (libel and slander claims are precluded by *Paul*). There are state law claims that must be brought in state court, unless Plaintiff can show that diversity jurisdiction (discussed below) applies.

Plaintiff also alleges "improper monitorization," which may be a claim for improper monitoring of his actions via video camera or a claim for improper *monetization*. He may clarify this claim in an amendment, but he must show how there is

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

federal subject matter jurisdiction over such a claim by citing a governing federal statute that authorizes a federal question private cause of action or diversity jurisdiction.

Accordingly, all claims will be dismissed for failure to state a federal claim upon which relief can be granted, unless Plaintiff has facts to cure the jurisdictional deficiencies.

### B. Diversity

To the extent Plaintiff is attempting to assert state law causes of action under federal diversity jurisdiction, he must clarify where each Defendant is domiciled or has their principal place of business. As noted above, a basic requirement of federal diversity jurisdiction is that all plaintiffs and all defendants be citizens of different states. He may file an amended complaint to assert facts supporting diversity jurisdiction.

"To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). A party is domiciled in the state "where he or she established a fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely." *Id*. at 749–50 (internal quotation marks and alteration omitted). Citizenship for purposes of diversity jurisdiction is determined as of the date the lawsuit was filed. *Id*. at 750.

As to the domicile of prisoners:

> The Ninth Circuit has "not decide[d] whether a prisoner can establish domicile in his place of incarceration for purposes of federal diversity jurisdiction." *U.S. v. Arango*, 670 F.3d 988, 997 n.7 (9th Cir. 2012). However, the Ninth Circuit has

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

> indicated that "[o]ne does not change his residence to the prison by virtue of being incarcerated there." *Cohen v. United States*, 297 F.2d 760, 774 (9th Cir. 1962).

*Crawford v. Trish*, No. 3:23-CV-06104-DGE, 2024 WL 115352, at *3 (W.D. Wash. Jan. 10, 2024) (unpubl). Therefore, Plaintiff must also clarify his domicile and facts supporting his assertion. Relevant factors for the district court to consider include the possibility of the inmate being paroled in the near future, the manner in which the inmate has ordered his or her "personal and business transactions," and "any other factors that are relevant to corroboration" of the inmate's contentions regarding his domicile. *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006). "No single factor is dispositive, and the analysis focuses not simply on the number of contacts with the purported domicile, but also on their substantive nature." *Garcia Perez v. Santaella*, 364 F.3d 348, 351 (1st Cir. 2004).

If Plaintiff does not have facts supporting federal question or diversity subject matter jurisdiction in federal court, he should file a motion for voluntary dismissal.

2. **Personal Jurisdiction**

A federal court also must satisfy itself that it has authority to exercise personal jurisdiction over each defendant. Where an "in forma pauperis Complaint lacks an arguable basis in either law or fact pertaining to personal jurisdiction, it must be dismissed sua sponte as frivolous." *Brimm v. Genao-Gomez*, No. CV 14-197-M-DLC, 2014 WL 5471969, at *4 (D. Mont. Oct. 28, 2014); *see also In re Tuli,* 172 F.3d 707, 712 (9th Cir. 1999) ("A judgment entered without personal jurisdiction over the parties is

void."); *Clancy v. Allstate Ins.*, No. 19-CV-04257-BLF, 2020 WL 7872196, at *1 (N.D. Cal. Oct. 21, 2020) (dismissing a case after a sua sponte screening pursuant to 28 U.S.C. § 1915 when review established that the plaintiff failed to allege facts showing personal jurisdiction over the defendants).

Federal due process requires that a non-resident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To avoid dismissal, Plaintiff must make a prima facie showing of jurisdictional facts. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987). Personal jurisdiction over a non-resident defendant exists if (1) the defendant has some connection with the forum state; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction- is reasonable. *See Data Disc, Inc. v. Systems Technology Assoc., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). No facts show that the Court has personal jurisdiction over the defendant.

3. Venue

Venue must also be proper. Legal actions may be brought only in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

28 U.S.C. § 1391(b).

No facts support a conclusion that venue in Idaho is appropriate. Plaintiff will be given leave to provide facts supporting proper venue in Idaho over Defendants in an amended complaint or to voluntarily dismiss this case.

## ORDER

**IT IS ORDERED**:

1. Plaintiff's Motion to Proceed (Dkt. 5) is DENIED without prejudice.

2. Plaintiff may file an amended complaint to cure the deficiencies set forth above, within 30 days after entry of this Order. Alternatively, he may file a notice of voluntary dismissal.

3. Failure to file a proper amended complaint correcting the deficiencies identified in this Order will result in dismissal of this case without prejudice, without further notice to Plaintiff.



DATED: August 4, 2025

_____
B. Lynn Winmill
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**